* * * * * * * * * * *
The Full Commission reviewed the prior Order, based upon the record of the proceedings before Commissioner Ballance and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Order. Accordingly, the Full Commission affirms the Order of Commissioner Ballance.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. In his Tort Claim Affidavit filed with the North Carolina Industrial Commission, the plaintiff alleged medical malpractice on the part of the employees of the defendant. The plaintiff did not provide with his Tort Claim Affidavit an affidavit from a doctor or medical expert as to the applicable standard of care, pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure.
2. On September 15, 2004, a telephonic hearing on the plaintiff's claim was held before Commissioner Ballance. At the hearing, the plaintiff was allowed up to 60 days, up to and including November 15, 2004, to provide the Commission with an affidavit from a qualified medical expert that stated, in the opinion of the affiant, the care of which the plaintiff complained did not comply with the applicable standard of care. The plaintiff was also informed that his failure to provide the Commission with the necessary affidavit within the time allowed would result in the dismissal of the plaintiff's claim.
3. On November 23, 2004, the defendant filed a motion to dismiss the plaintiff's claim for the plaintiff's failure to provide the required affidavit from a qualified medical expert within the allotted time period and, thus, comply with Rule 9(j) of the North Carolina Rules of Civil Procedure.
4. Upon review of the record in this matter, the Full Commission finds that the plaintiff has failed to provide the Industrial Commission with an affidavit from a qualified medical expert that states the care of which the plaintiff complains does not comply with the applicable standard of care.
 * * * * * * * * * * *
Based upon all the foregoing Findings of Fact the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkir v. N.C. State University, 321 N.C. 706, 709,365 S.E.2d 898, 900 (1988).
2. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure, the plaintiff must provide with his Tort Claim Affidavit an affidavit from a doctor or medical expert as to the applicable standard of care. A claim that fails to provide expert opinion regarding the applicable standard of care shall be dismissed. See N.C. Gen. Stat. § 21.12; and Warren v. CanalIndus., Inc., 61 N.C. App. 211, 300 S.E.2d 557 (1983). Because plaintiff has failed to provide an affidavit from a doctor or medical expert as to the applicable standard of care, this claim must be dismissed. Id.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law the Full Commission enters the following:
 ORDER
1. The plaintiff's claim is hereby DISMISSED.
2. No costs are taxed as the plaintiff was permitted to file this claim in forma pauperis.
This 23rd day of June 2006.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER